# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 10, 2003

## DORSEY EUGENE MCGAHEE, ET AL. v. JAMES M. DUKES, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 01-2666-III     Ellen Hobbs Lyle, Chancellor

---

### No. M2002-00753-COA-R3-CV - Filed May 14, 2003

---

Two state prisoners placed in administrative segregation petitioned the Chancery Court of Davidson County for a writ of certiorari to review the action of the prison disciplinary board. The court held that the petition did not state a claim for relief because administrative segregation is not an atypical or significant hardship on the petitions in relation to the ordinary incidents of prison life. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and VERNON NEAL, SP. J., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellants, Dorsey Eugene McGahee and Gary Cross.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Pamela S. Lorch, for the appellees, James M. Dukes, Warden of West Tennessee State Penitentiary, and the Commissioner of the Tennessee Department of Correction.

# MEMORANDUM OPINION[1]

## I.

In June of 2001 the petitioners were charged with conspiracy to escape. The prison disciplinary board found them guilty and ordered that they spend thirty days in punitive segregation and pay a $5.00 fine. The petitions allege that since the end of punitive segregation, the petitioners have been held in administrative segregation for involvement in gang-related activity. They allege that the proceedings violated their constitutional rights to due process, assistance of counsel, freedom from self-incrimination, and freedom from cruel and unusual punishment. On appeal the self-incrimination and assistance of counsel claims have apparently been abandoned.

The defendants moved to dismiss under Tenn. R. Civ. P. 12.02(6) for the failure to state a claim. The trial judge granted the motion and dismissed both petitions.

## II.

We cannot improve on the chancellor's reason granting the motion to dismiss. Therefore we quote it verbatim and adopt it as our own:

> The petitioners claim that the respondents violated their federal constitutional rights to due process, assistance of counsel, freedom from self-incrimination and freedom from cruel and unusual punishment. At oral argument, the petitioners waived their self-incrimination claim. As to their other claims, the Court finds that the petitioners have failed to state a claim.
>
> A prison inmate has no right to avoid being charged with or convicted of prison disciplinary offenses, only a right to due process if the conviction deprives him of a liberty interest recognized by federal law. *See generally, Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). An inmate does not have a liberty interest in punitive or administrative segregation; therefore, he has no due process rights relative thereto. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).

---

[1]Rule 10 of the Rules of the Court of Appeals reads as follows:

> This Court, with the concurrence of all judges participating in the case may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In *Sandin*, the United States Supreme Court determined that inmates do not have a liberty interest in freedom from punitive or administrative segregation. *Sandin*, 515 U.S. at 484-486. While recognizing that states may create liberty interests, the Court found that these interests concerned only those restraints that imposed "[an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. An inmate, placed in punitive segregation or administrative segregation, does not have a protected liberty interest entitling him to due process procedural safeguards. *Id.* at 486. *Sandin* directs the courts to focus not on the context of regulations, but on the "nature of the deprivation" visited upon the inmate. *Id.* at 481. Absent an "atypical and significant hardship," a change in the conditions of confinement simply does not inflict a cognizable injury that merits Constitutional protection. *Sandin*, 515 U.S. at 483-484; *see also, Reid v. Stover*, 1996 WL 507502 (Tenn. Ct. App.).

The petitioners' disciplinary convictions, punitive segregation sentences and subsequent placements in administrative segregation do not amount to "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life." *Sandin* at 484. *See also, Reid v. Stover, supra*; *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998). Therefore, the petitioners' allegations do not support the finding of a recognized liberty interest and a Fourteenth Amendment due process review is not triggered. The petitioners had no due process rights in their disciplinary proceedings or administrative segregation placement.

As to the petitioners' claim "that the disciplinary board failed to follow its own procedures. It is well-settled that allegations of such failure does not invoke due process considerations." *Ahkeen v. Campbell*, 2001 WL 1346250 *4 (Tenn. Ct. App.). Further, the alleged failure to follow specific disciplinary procedures does not state a claim for a common law writ of certiorari. *Id.* at **5-8. A failure to follow the procedures does not constitute a failure to follow the essential requirements of the law in the context of prison disciplinary proceedings. *Id.* Therefore, it fails to state a claim that the Board acted "illegally":

> [A]llegations that the board acted illegally by failing to follow TDOC procedures do not, in and of themselves, support issuance of a writ of certiorari to review the legality of the board's decision.

*Id.* at 8.

Further, an inmate does not have a right to counsel in prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551 (1976). Prison disciplinary proceedings are civil administrative proceedings, not criminal proceedings, and the full panoply of rights in criminal proceedings do not come into play. *Wolff, supra* at 556.

Finally, the petitioners failed to state an Eighth Amendment violation of their right to be free from cruel and unusual punishment. An Eighth Amendment violation requires that a deprivation be "sufficiently serious .. [resulting in the denial] of the minimal civilized measure of life's necessities" and the state official must act with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994); *Herron v. Morgan*, 2000 WL 1121537 (Tenn. Ct. App. ). The petitioners failed to set forth facts indicating that their placement in segregation amounted to an unnecessary infliction of pain sufficiently serious to deprive them of life's basic necessities. Further, the Supreme Court has found that placement in punitive or administrative segregation is not atypical punishment. *Sandin v. Conner, supra.* As segregation is not an atypical, significant deprivation, it is not an infliction of cruel and unusual punishment.

## III.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court for further proceedings. Tax the costs on appeal to the appellants, Dorsey McGahee and Gary Cross.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.